UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN S. SMITH,

        Plaintiff,

v.                                      Case No. 04-60185
                                      HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Plaintiff Karen S. Smith's Objections (Doc. #9) to the Report and Recommendation ("R&R) (Doc. #8) of Magistrate Judge Virginia Morgan. Plaintiff argues that the Magistrate Judge erred by (1) finding that Plaintiff is capable of performing regular and continuous work; (2) discounting the opinion of one of her treating physicians; and (3) disregarding medical evidence that was submitted after her hearing before the Administrative Law Judge ("ALJ"). For the reasons discussed below, the Court **ADOPTS** the R&R, **GRANTS** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Summary Judgment.

## II.     STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the administrative law judge's decision and whether the judge applied the correct legal standards in reaching that decision.  Elam v. Comm's of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003); 42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).  When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."

Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (citations and internal quotations omitted).

### III.   ANALYSIS

#### A.   Substantial evidence supports the ALJ's determination that Plaintiff is capable of performing regular and continuous work.

Plaintiff argues the Magistrate Judge erred in finding that substantial evidence supported the ALJ's determination that she could perform regular and continuous work as required by Social Security Ruling 96-8p. Plaintiff contends that the ALJ's determination was baseless because no medical examination was performed that assessed her "endurance" to perform regular and continuous work.[1]

The Court has conducted its own review of both the administrative record and the parties' cross motions for summary judgment and finds that substantial evidence supports the ALJ's determination that Plaintiff could perform regular and continuous work. Plaintiff's argument that the ALJ did not rely on any medical opinion is unfounded. The ALJ placed considerable weight on the physical residual functional capacity assessment performed by the Disability

---

[1] This sub-argument is not addressed in the R&R because Plaintiff raises it for the first time in her current objections.

Determination Services. Moreover, the ALJ conducted an analysis of the medical opinion of Dr. Mahmound and the medical histories taken by Drs. Enter and Kurichh. This medical evidence amounts to evidence that a "reasonable mind" might accept as adequate to support the ALJ's assessment. Kirk, 667 F.2d at 535.

> **B.     The ALJ properly weighed the opinion of one of Plaintiff's treating physicians.**

Plaintiff contends that Magistrate Judge erred in concluding that the ALJ had a sufficient basis for discounting the diagnosis of one of her treating physicians, Dr. Beredo. Plaintiff contends the ALJ failed to articulate reasons for ignoring Dr. Bredo.

Plaintiff is correct that as a general rule, "in determining whether a claimant is entitled to disability insurance payments, medical opinions and diagnoses of treating physicians are entitled to great weight." Cohen v. Sec'y of Health and Human Servs., 964 F.2d 524, 528 (6th Cir. 1992). However, the opinions and diagnoses of treating physicians "are not entitled to complete deference and thus are not controlling if inconsistent with other substantial evidence or unsupported by detailed objective criteria and documentation." Arnett v. Comm'r of Soc. Sec., No. 02-2269, 2003 WL 22232906 (6th Cir. Sept. 25, 2003) (citing 20 C.F.R. §§ 404.1527(d)(2)-(4) & 416.927(d)). See also Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 287 (6th Cir.1994). If the ALJ refuses to adopt the medical opinions of the claimant's treating physician, he must "set forth some basis for rejecting these opinions." Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987) (citing MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding that "[t]he Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error")).

Contrary to Plaintiff's arguments, the Court finds that the ALJ did set forth specific

reasons for discounting Dr. Beredo's diagnosis and that those reasons are supported by substantial evidence. ALJ's opinion included a discussion of his assessment that Dr. Beredo's opinion was internally inconsistent and was inconsistent with the record evidence as a whole. Moreover, the ALJ did not simply replace Dr. Beredo's diagnosis with the diagnosis of a physician that had performed only a single examination of Plaintiff. Instead, the ALJ chose to rely on the opinions of *other* treating physicians, such as Dr. Mahmoud, who had long-term relationships with Plaintiff. Therefore, the ALJ's methodology in discounting Dr. Beredo's opinion was not improper.

        **C.**     **The Magistrate Judge properly determined that remand was unnecessary.**

Plaintiff presents a variety of arguments pertaining to new medical evidence that she believes demonstrates that she suffers from fibromyalgia and should be entitled to benefits. In the alternative, Plaintiff appears to request a remand pursuant to 42 U.S.C. 406(g). However, the Magistrate Judge properly determined that this evidence was not a part of the administrative record and could not support her case. Moreover, the new medical evidence falls short of amount of proof needed to either justify remand or to award benefits for fibromyalgia. The evidence fails to indicate that (1) Plaintiff presented with 11 of the 18 specified tender points indicative of fibromyalgia, (2) her complaints of widespread pain, stiffness and fatigue were internally consistent with common symptoms of fibromyalgia, and (3) her physician systematically eliminated other possible diagnose and recommended and monitored various therapies. See Green-Younger v. Barnhart, 335 F.3d 99, 108-9 (2d Cir. 2003); Preston v. Sec'y of Health & Human Servs., 854 F.2d 815 (6th Cir. 1988); Swain v. Comm'r of Soc. Sec., 297 F.Supp.2d 986, 991 (N.D.Ohio 2003). Thus, the Magistrate Judge did not err in affirming the

denial of benefits.

## IV.	CONCLUSION

For the reasons discussed, the Court hereby **ADOPTS** the Magistrate Judge's R&R, **GRANTS** Defendant's motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: May 10, 2005

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order delivered to Charles A. Robinson and Francis L Zebot on this date by ordinary mail and/or by electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK
